UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALFRED USHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SUPERIOR COURT,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00294-BAK (SKO) (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS FRIVOLOUS<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a district judge. |

Plaintiff Thomas Alfred Usher, a state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff concurrently filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.[1] (Doc. 2.) Plaintiff brings this action against a single defendant, Kern County Superior Court, alleging a denial of due process. Because the Superior Court is entitled to immunity under the Eleventh Amendment, this action must be dismissed as frivolous.

Section 1915 provides that "the court **shall** dismiss the case at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added). This provision authorizes the court to *sua sponte* dismiss a frivolous *in forma pauperis* complaint. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on frivolousness is

---

[1] The application was not accompanied by certified copy of Plaintiff's trust fund account statement as required by 28 U.S.C. § 1915(a)(2). Therefore, Plaintiff's IFP motion is not ripe for determination.

appropriate "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief." *Id.* at 322–23.

Under the Eleventh Amendment to the Constitution of the United States, a state or arm of the state may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A private citizen may only sue a state in federal court if (1) Congress has abrogated state sovereign immunity under a grant of constitutional authority, or (2) the state has unequivocally waived its immunity. *Lucas v. Az. Sup. Ct. Fiduciary Certification Program*, 457 F. App'x 689, 690 (9th Cir. 2011) (citing *Holley v. Cal. Dep't of Corrections*, 599 F.3d 1108, 1111 (9th Cir. 2010)). Neither is applicable here. The Supreme Court has held that section 1983 was not intended to abrogate a state's Eleventh Amendment immunity." *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985); *accord Quern v. Jordan*, 440 U.S. 332, 342 (1979). California has not waived its Eleventh Amendment immunity with respect to section 1983 claims. *Brown v. Cal. Dep't of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009) (citations omitted); *Dittman v. State of Cal.*, 191 F.3d 1020, 1025 (9th Cir. 1999)

The proper name of Defendant is the Superior Court of California, County of Kern.[2] A superior court is a state court and is treated as a state agency or arm of the state for purposes of section 1983 claims. *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989)); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Welchen v. Cnty. of Sacramento*, 343 F. Supp. 3d 924, 935 (E.D. Cal. 2018) (citing *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (superseded by statute on other grounds)). Therefore, Defendant Kern County Superior Court is entitled to immunity under the Eleventh Amendment. *Bishop v. Snohomish Superior Ct.*, 569 F. App'x 497, 498 (9th Cir. 2014) (citing *Simmons*, 318 F.3d at 1161)); *Blount v. Sacramento Cnty. Superior Ct.*, 559 F. App'x 623 (9th Cir. 2014) (citing *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1195 (9th Cir. 2005).

---

[2] https://www.kern.courts.ca.gov/ (last visited Mar. 30, 2022).

Moreover, section 1983 protects the rights of "any citizen of the United States or other person within the jurisdiction thereof." 42 U.S.C. § 1983. A state or a state official acting in an official capacity is not a "person" under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citations omitted). Therefore, Plaintiff's complaint against Kern County Superior Court must be dismissed.

The Court must give some notice of the deficiencies in the complaint and grant a *pro se* plaintiff leave to amend the complaint if the deficiencies can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Sun v. Yavapai Cnty. Sheriff's Off.*, 914 F.2d 263 (9th Cir. 1990). However, the Court may dismiss the complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Lab'ys*, 622 F.2d 458, 460 (9th Cir. 1980); *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citations omitted).

Here, Plaintiff has named Kern County Superior Court as the sole defendant in this action brought under 42. U.S.C. § 1983. As a state court or arm of the state, Defendant is immune from liability under the Eleventh Amendment. Plaintiff cannot make any rational argument in law or fact that would entitle him to relief. Plaintiff's complaint is frivolous and may be dismissed by the Court *sua sponte*. Because it is absolutely clear that the complaint cannot be cured by amendment, this action must be dismissed without leave to amend.

Accordingly, IT IS RECOMMENDED that the Court DISMISS this case without leave to amend.

The Clerk of Court is DIRECTED to randomly assign a district judge to this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*,

772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated:  **March 31, 2022** | /s/ *Sheila K. Oberto* |
|---|---|
| | UNITED STATES MAGISTRATE JUDGE |